IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRYAN JASON POVEY** and **JAMIE RAE POVEY**,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>**CASTLE AND COOK MORTGAGE**, a Utah Corporation,<br><br>　　　　Defendant. | Case No. 3:23-cv-01388-IM<br><br>**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

Timothy J. Fransen, Cosgrave Vergeer Kester, LLP, 900 SW Fifth Avenue, 24th Floor, Portland, OR 97204. Attorney for Plaintiffs.

John M. Thomas, McCarthy & Holthus, 920 SW Third Avenue, First Floor, Portland, OR 97204. Attorney for Defendant.

**IMMERGUT, District Judge.**

　　Before this Court is Plaintiffs' Motion for Leave to File Amended Complaint ("Mot."), ECF 84. Plaintiffs move for leave to file a second amended complaint "based on the resolution of their claims against LoanCare and based on [pro bono] counsel's initial review of the file." Mot., ECF 84 at 2. Defendant Castle and Cooke Mortgage ("Defendant" or "CCM") opposes the

PAGE 1 – OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Motion as it asserts that the proposed new claims are not timely. Response ("Resp."), ECF 88 at 1. Finding that justice requires a grant of leave to amend here, Plaintiffs' Motion is GRANTED.

## BACKGROUND

Plaintiffs, a married couple, filed their first Complaint pro se on September 22, 2023 against CCM and LoanCare, LLC, containing six claims for relief. Complaint ("Compl."), ECF 1 ¶¶ 1, 69–98. Defendant filed its Answer to the Complaint on October 17, 2023. Answer, ECF 24. On January 12, 2024, this Court granted Plaintiffs' Motion for Preliminary Injunction, ECF 2, and prevented Defendant from selling the house located at 22865 South Cadonau Road, Estacada, Oregon in a foreclosure action. Order Granting Preliminary Injunction, ECF 56 at 1–2. This Court also ordered Plaintiffs to pay the monthly mortgage amount to the Clerk of the Court during the pendency of this case. *Id.* at 18; *see also* Order to Deposit Funds, ECF 55.

On February 9, 2024, Plaintiffs, still pro se, amended their complaint to add a seventh claim. First Amended Complaint ("First Am. Compl."), ECF 63 ¶¶ 100–107. Plaintiffs' current counsel accepted the pro bono representation of Plaintiffs on February 20, 2024, ECF 65. This Court granted the parties' Joint Motion to Vacate Pretrial Deadlines, ECF 69, so that the parties could pursue a judicial settlement conference. ECF 70. The settlement conference was held on April 22, 2024. ECF 75. The case did not settle, but the parties reported on April 29, 2024 that Plaintiffs' claims against LoanCare were resolved. ECF 76. This Court then dismissed with prejudice all claims against LoanCare. ECF 77.

Plaintiffs now move for leave to file a Second Amended Complaint to "clarif[y] existing claims against C&C, remove[] claims against the settling defendant, LoanCare, LLC, and add[] additional claims based on the initial investigation by plaintiffs' appointed pro bono counsel." Mot., ECF 84 at 1–2. Plaintiffs seek leave to add two additional claims: a violation of the Truth

in Lending Act/Regulation Z ("TILA") and a violation of the Oregon Unlawful Debt Collection Practices Act ("OUDCPA"). Proposed Second Am. Compl., ECF 84-2 ¶¶ 92–99. Defendant opposes the Motion "insofar as it seeks to add claims that are time-barred, i.e., the Truth in Lending Act (Seventh Cause of Action) and Oregon Unlawful Debt Collection Practices Act (Eight Cause of Action) under short one-year limitations periods." Resp., ECF 88 at 1–2.

## LEGAL STANDARDS

After the time for amending as a matter of course has elapsed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). "'[T]his policy is to be applied with extreme liberality.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Interferences should generally be drawn "in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). A court "may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County* ("*Sonoma Cnty.*"), 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Defendant opposes the motion, arguing that amendment is futile and prejudicial. *See* Resp., ECF 88 at 1–2. "[L]eave to amend should be denied as futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting

PAGE 3 – OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

*Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)). The standard for futility is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Robillard v. Opal Labs, Inc.*, 337 F. Supp. 3d 962, 969 (D. Or. 2018), that is, the claims must be plausible on their face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). In this analysis, prejudice to the opposing party carries the most weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020).

## DISCUSSION

### A. TILA/Reg Z Claim

The statute of limitations for a TILA claim is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Defendant's "primary concern . . . in resisting plaintiffs' motion for leave" is "the timing." Resp., ECF 88 at 2.

#### 1. Basis for the Claim

Defendant claims that "[t]he alleged inaccurate statements that are the basis for this claim occurred [on] January 30, 2022," citing the Proposed Second Amended Complaint. Resp., ECF 88 at 2. Plaintiffs respond that January 30, 2022 was an "obvious typo" and should read January 30, 2023. Reply, ECF 89 at 2. The full text of that paragraph states:

> On January 30, 2022, Plaintiffs received a letter from LC indicating they owed $10,725.85 in late mortgage payments and legal fees. LC's letter claimed that Plaintiffs began missing mortgage payments in August of 2022, even though Plaintiffs had paid Specialized Loan Servicing in August, September, October, and November of 2022.

Proposed Second Am. Compl., ECF 84-2 ¶ 49. This Court agrees with Plaintiffs that, based on context, "2022" was a typo meant to state "2023." Reply, ECF 89 at 2 n.1. The January 30 letter

referenced missed payments beginning in August 2022, so the letter could not have predated the August 2022 payment by eight months. *Id.* Therefore, the allegedly inaccurate statements must have occurred on January 30, 2023, within one year of the filing of the original Complaint on September 22, 2023. Compl., ECF 1.

Defendant next argues that the alleged inaccurate statements "are alleged to have occurred by entities other than CCM, including dismissed co-defendant LoanCare, LLC" because Plaintiffs do not allege that CCM sent the January 30 letter or served the loan. Resp., ECF 88 at 2; Proposed Second Am. Compl., ECF 84-2 ¶¶ 44, 58. Plaintiffs allege that LoanCare's actions in refusing to accept the Plaintiffs' payments were at CCM's direction or pursuant to CCM's instructions. Proposed Am. Compl., ECF 84-2 ¶¶ 47, 50, 51. Plaintiffs claim this means that CCM acted as a "servicer," and point to the implementing regulations for the Real Estate Settlement Procedures Act ("RESPA") for the definition of servicer. Reply, ECF 89 at 2–3 (citing 12 C.F.R. § 1024.2(b)); *see also Choudhuri v. Specialized Loan Servicing*, No. 3:19-cv-04198-JD, 2022 WL 1188865, at *3 (N.D. Cal. Apr. 20, 2022) (stating definitions of "servicer" and "servicing" under 12 C.F.R. § 1024.2(b)). Although Plaintiffs do not bring a claim under the RESPA, Proposed Am. Compl., ECF 84-2, Defendant may be vicariously liable for LoanCare's conduct under agency principles. *See McAdory v. M.N.S. & Assocs., LLC.*, No. 3:17-cv-00777-HZ, 2021 WL 2321634, *7–11 (D. Or. June 7, 2021) (holding creditor was vicariously liable for debt collector's violations of FDCPA under right to control theory). In addition, Plaintiffs allege that Defendant took over sole servicing of the loan in question in September 2023, and again refused to accept Plaintiffs' payments. Proposed Second Am. Compl., ECF 84-2 ¶¶ 54-55. As the alleged sole servicer of the loan, Defendant would have its own independent liability. Accordingly, Plaintiffs' TILA claim is plausible on its face and therefore is not futile.

### 2. Undue Delay

Defendant also argues that the proposed "claim is based on factual allegations known to plaintiffs at the time they filed their initial complaint." Resp., ECF 88 at 2. Construing this as an argument that there was undue delay because plaintiffs allegedly could have included these claims in the original complaint, this Court disagrees. The delay between the original complaint and instant motion is only eight months. Compl., ECF 1; Mot., ECF 84; *cf. Morongo*, 893 F.2d at 1079 ("The delay of nearly two years, while not alone enough to support denial, is nevertheless relevant"). This delay is understandable given the time it took to resolve the preliminary injunction, appoint Plaintiffs' pro bono counsel, and permit the parties to engage in settlement discussions. Even if there were undue delay here, such delay "alone cannot serve as the basis for the denial of leave to amend." *In re Tracht Gut, LLC*, 836 F.3d 1146, 1155 n.4 (9th Cir. 2016); *see also Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend.").

### 3. Prejudice

Defendant argues that the proposed claim is prejudicial as "[t]he witnesses or other evidence relating to the claim and Plaintiffs' alleged damages are likely less available now and the staleness of evidence is of particular concern on a claim with a short limitations period." Reply, ECF 88 at 3. This Court disagrees. While "*[u]nnecessary* delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (emphasis added), delay, and the accompanying risk of the erosion of evidence, is sometimes necessary. In this case, discovery has yet to begin and no trial date has been set. Mot., ECF 84 at 2; Scheduling Order, ECF 87. Granting leave to amend the complaint to add this claim will not reopen discovery and delay the proceedings. *Lockheed*

*Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). In addition, the proposed claims are similar in nature to the existing claims and therefore have not "greatly altered the nature of the litigation" nor "required defendants to have undertaken, at a late hour, an entirely new course of defense." *Morongo*, 893 F.2d at 1079. Thus, Defendant has failed to carry its burden to establish prejudice.

### 4. Relation Back

Defendant further argues that "[t]he proposed amendment is futile and prejudicial to [Defendant] now *insofar as it would relate back under Fed. R. Civ. P. 15(c)*." Resp., ECF 88 at 3 (emphasis added). Although it is unclear just what Defendant means by this statement, Plaintiff's proposed amendments do relate back to the date of the original pleading under Federal Rule of Civil Procedure 15(c). Rule 15(c)(1)(B) allows a claim asserted in an amended pleading to relate back if the claim "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." This test "assures that the relation back doctrine does not deprive the defendant of the protections of the statute of limitations." *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 739 (9th Cir. 1982).

"An amended claim arises out of the same conduct, transaction, or occurrence if it will likely be proved by the same kind of evidence offered in support of the original pleading." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (citation and internal quotation marks omitted). To relate back, the "amended pleadings [must] share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question." *Martell v. Trilogy, Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989). "Fairness to the defendant demands that the defendant be able to anticipate claims that might follow from the facts alleged by the plaintiff." *Percy v. S.F. Gen. Hosp.*, 841 F.2d 975, 989 (9th

PAGE 7 – OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Cir. 1988). A court must liberally apply the relation back doctrine. *ASARCO, LLC*, 765 F.3d at 1004.

Liberally applied, Plaintiffs' TILA claim arises out of the same common core of operative facts as it relies upon Defendant's alleged refusal to accept Plaintiffs' payments which is central to Plaintiffs' alleged breach of contract claim. Proposed Am. Compl., ECF 84-2 ¶ 73. The TILA claim also is brought against the same defendant and concerns the same loan. Defendant had fair notice to be able to anticipate a TILA claim from Plaintiffs' original and First Amended Complaint.

**B. OUDCPA Claim**

Plaintiffs allege that Defendant threatened foreclosure on July 14, 2022, about fourteen months before the date of the original complaint, and served a foreclosure notice on them on May 18, 2023, about four months before the complaint. Proposed Second Am. Compl., ECF 84-2 ¶¶ 31, 53. Defendant claims that the statute of limitations for the OUDCPA claim is one year, Resp., ECF 88 at 3, and Plaintiffs do not challenge this.[1] Under a one-year statute of limitations, the claim resting on the alleged foreclosure notice date is timely so long as it relates back. This Court views the alleged threatened foreclosure as not itself grounds for the OUDCPA claim, but rather context for the subsequent foreclosure notice. Thus, the OUDCPA claim accrued on May 18, 2023, and accordingly, if the OUDCPA claim relates back to the original complaint, then it is timely.

---

[1] This Court notes that the statute of limitations under the amended version of the statute is three years. O.R.S. 646.641(3) (amended 2024). The Court does not address whether this amendment is retroactive because the Parties do not raise this issue.

This Court finds that the OUDCPA claim relates back to the filing date of the original complaint. The OUDCPA claim is based on the allegation that Defendant initiated foreclosure while knowing it had no right to do so. Proposed Second Am. Compl., ECF 84-2 ¶ 98. This allegation arises from the same facts as the claim for Breach of the Covenant of Good Faith and Fair Dealing. *See id.* ¶ 77. Defendant was therefore on notice of the OUDCPA claim.

Defendant argues that "[t]here are other problems with the proposed new [OUDCPA] claim that would render it futile, notably that a non-judicial foreclosure is not debt collection, nor is CCM seeking recovery on behalf of another." Resp., ECF 88 at 3 (first citing *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188 (2002); and then citing O.R.S. 646.683). This Court declines to consider the supposed "other problems" with the OUDCPA claim "beyond [its] timing" at this time. Plaintiffs did not address these arguments, *see* Reply, ECF 89 at 3–4, and Defendant has indicated that it will raise such arguments at a later time. The Court will address these arguments if and when they are appropriately raised and briefed by the Parties.

Defendant also argues: "[a]s with the TILA claim, CCM will address the viability of the claims with short statutes of limitations more broadly beyond their timing depending on whether the court allows leave to amend, however the evidence and witnesses are likewise likely less available now." Resp., ECF 88 at 3. This Court rejects Defendant's prejudice argument that "evidence and witnesses are likewise likely less available now" for the same reason provided with respect to the TILA claim.

Plaintiffs seek punitive damages for the OUDCPA claim. Proposed Second Am. Compl., ECF 84-2 ¶ 99. In its Conclusion, Defendant notes that "plaintiffs are attempting to seek punitive damages" and cites to O.R.S. 31.725 "as to pleading requirements as to punitive damages." Resp., ECF 88 at 4. This statute "forbids a party from pleading punitive damages in the initial

PAGE 9 – OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

complaint and then requires the party to request leave to amend the complaint to add punitive damages with supporting 'affidavits and documentation.'" *Burkhart ex rel. Burkhart v. L.M. Becker & Co.*, No. CV-04-420-ST, 2004 WL 1920196, at *2 (D. Or. Aug. 26, 2004) (quoting O.R.S. 31.725). However, O.R.S. 31.725 does not apply in federal court:

> Although [O.R.S.] 31.725 may have applied to this case when it was initially filed in state court, it does not apply now that the case is removed to this court. Instead, in federal diversity cases such as this one, the Federal Rules of Civil Procedure govern. The federal rules permit a plaintiff to pray for punitive damages in the complaint and then seek discovery on defendant's conduct and ability to pay.

*Burkhart*, 2004 WL 1920196 at *2; *see also McLean v. Pine Eagle Sch. Dist., No. 61*, 194 F. Supp. 3d 1102, 1127 n.12 (D. Or. 2016) ("[O.R.S. 31.725] does not apply in federal court, even in diversity cases.") Thus, Plaintiff may seek punitive damages.

## C. Piecemeal Attacks

Defendant notes that, "[a]s with the TILA claim, CCM will address the viability of the claims with short statutes of limitations more broadly beyond their timing depending on whether the court allows leave to amend, however the evidence and witnesses are likewise likely less available now." Resp., ECF 88 at 3. Plaintiffs respond that this Court "should not entertain repeated attempts by C&C to attack the second amended complaint" in any subsequent motion to dismiss because the plausibility standard is the same on this instant Motion as under Rule 12(b)(6) and "[t]here is no reason why C&C could not have brought all of its Rule 12(b)(6) arguments now—nor why C&C could not have simply stipulated to the amendment and then filed on motion raising all of its Rule 12(b)(6) arguments." Reply, ECF 89 at 4. To the extent that Plaintiffs are suggesting that this Court bar any future motion to dismiss, the Court declines to do so. The Court finds no case law barring "piecemeal attacks" in this context. This Court will thus

PAGE 10 – OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

not prohibit Defendant from filing a motion to dismiss the second amended complaint if appropriate to do so.

## CONCLUSION

Plaintiffs' Motion for Leave to Amend to File Second Amended Complaint, ECF 84, is GRANTED. This Court finds that justice requires granting leave to amend to add these claims. Plaintiffs are given twenty-one (21) days from the issuance of this Opinion and Order to file an amended complaint.

**IT IS SO ORDERED.**

DATED this 22nd day of August, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge