IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRYAN JASON POVEY**; and **JAMIE RAE POVEY**, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>**CASTLE AND COOKE MORTGAGE**, a Utah Corporation,<br><br>Defendant. | Case No. 3:23-cv-01388-IM<br><br>**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Timothy J. Fransen, Cosgrave Vergeer Kester, LLP, 900 SW Fifth Avenue, 24th Floor, Portland, OR 97204. Attorney for Plaintiffs.

John M. Thomas, McCarthy & Holthus, 920 SW Third Avenue, First Floor, Portland, OR 97204. Attorney for Defendant.

**IMMERGUT, District Judge.**

Before this Court is a Motion to Dismiss ("Mot.") filed by Defendant Castle and Cooke Mortgage ("Defendant" or "CCM"), ECF 95. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) Plaintiffs' eighth claim for relief, a violation of the Oregon Unlawful Debt Collection Practices Act ("OUDCPA"), in the Second Amended Complaint ("SAC"), ECF

PAGE 1 – OPINION AND ORDER ON MOTION TO DISMISS

94. As described below, Plaintiffs have stated a claim for a violation of the OUDCPA, but Defendant's Motion is granted to the extent that Plaintiffs' OUDCPA claim is based on the alleged July 2022 foreclosure letter as this allegation is time-barred.

## LEGAL STANDARDS

A motion brought under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## BACKGROUND

Plaintiffs, a married couple, initiated this action pro se against CCM and LoanCare, LLC, on September 22, 2023, asserting six claims for relief. Complaint ("Compl."), ECF 1 ¶¶ 1, 69–98. Plaintiffs' claims against LoanCare resolved and this Court dismissed with prejudice all claims against LoanCare. ECF 76–77.

CCM filed its Answer to the Complaint on October 17, 2023. Answer, ECF 24.

On January 12, 2024, this Court granted Plaintiffs' Motion for Preliminary Injunction, ECF 2, and prevented Defendant from selling the house located at 22865 South Cadonau Road,

Estacada, Oregon in a foreclosure action. Order Granting Preliminary Injunction, ECF 56 at 1–2. This Court also ordered Plaintiffs to pay the monthly mortgage amount to the Clerk of the Court during the pendency of this case. *Id.* at 18; *see also* Order to Deposit Funds, ECF 55.

On February 9, 2024, Plaintiffs, still pro se, amended their complaint to add a seventh claim. First Amended Complaint, ECF 63 ¶¶ 100–107.

Plaintiffs' current counsel accepted the pro bono representation of Plaintiffs on February 20, 2024, ECF 65. On June 4, 2024, Plaintiffs requested leave to file a second amended complaint, ECF 84. This Court granted Plaintiffs' motion. Opinion & Order, ECF 92.

On September 12, 2024, Plaintiffs filed the SAC. ECF 94. Defendant filed the instant Motion to Dismiss the SAC on September 26, 2024. ECF 95.

## DISCUSSION

Defendant makes three brief arguments for why Plaintiffs have, in its view, failed to state a claim. *See* Mot., ECF 95 at 2–3. As explained below, this Court finds that, first, nonjudicial foreclosures fall within the scope of the OUDCPA given recent Supreme Court precedent. Second, Plaintiffs have sufficiently alleged that Mr. PoVey was injured to confer standing to bring a claim under the OUDCPA. Third, to the extent that Plaintiffs' OUDCPA claim is based on the alleged July 2022 letter threatening foreclosure, this allegation exceeds the OUDCPA statute of limitations, and this aspect of the claim is dismissed.

### 1. Nonjudicial Foreclosures Fall Within the Scope of the OUDCPA

Defendant argues that "non-judicial foreclosure of the security interest is not the collection of a debt" under the OUDCPA. Mot., ECF 95 at 3. Defendant cites *Obduskey v. McCathy & Holthus, LLP*, 586 U.S. 466 (2019), *Barnes v. Routh Crabtree Olsen, PC*, 963 F.3d 993 (9th Cir. 2020), *Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002),

and O.R.S. 646.641[1] in support. *Id.* at 3 & n.1. Based on the Supreme Court's decision in *Obduskey*, Defendant is incorrect: nonjudicial foreclosure is properly construed as an indirect or direct attempt to collect a debt.

In *Obduskey*, the Supreme Court analyzed the definition of a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"). This definition has two parts: a primary definition and a limited-purpose definition. *Obduskey*, 586 U.S. at 473–74. The primary definition states: "the term 'debt collector' 'means any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts.'" *Id.* at 473(citing 15. U.S.C. § 1692a(6)). The limited purpose-definition states: "[f]or the purpose of [§] 1692f(6)," debt collector "also includes any person . . . in any business the principal purpose of which is the enforcement of security interests." *Id.*

The parties in *Obduskey* agreed that the defendant, an entity that engaged in nonjudicial foreclosure proceedings, was a debt collector under the limited-purpose definition, but disagreed as to whether the defendant fell within the scope of the primary definition. *Id.* at 474. The Supreme Court held that the defendant fell outside the scope of the primary definition and was thus not subjected to the main coverage of the FDCPA. *Id.* The Supreme Court concluded that the text of the limited-purpose definition, specifically the phrase "[f]or the purpose of [§] 1692f(6)" and the word "also," suggested "that one who does no more than enforce security

---

[1] Defendant states: "[O.R.S.] 646.641 provides that a debt collector who is subject to and in compliance with the requirements of the [FDCPA] shall also be considered to be in compliance with the requirements of [O.R.S.] 646.639; this statute was repealed in 2024 after the alleged conduct." Mot., ECF 95 at 3 n.1. As Plaintiffs point out, Defendant likely meant to cite to O.R.S. 646.643. Resp., ECF 97 at 6. O.R.S. 646.643 provides that a debt collector who is subject to and in compliance with the FDCPA is in compliance with O.R.S. 646.639. O.R.S. 646.643 was repealed in 2024. In contrast, O.R.S. 646.641 has not been repealed, and does not state that an FDCPA-compliant debt collector is OUDCPA-compliant. This Court assumes that Defendant meant to cite to O.R.S. 646.643.

PAGE 4 – OPINION AND ORDER ON MOTION TO DISMISS

interests does not fall within the scope of the general definition," otherwise this sentence would be superfluous. *Id.* at 475 (emphasis omitted). This interpretation also comported with the FDCPA's legislative history and principles of federalism. *Id.* at 476–77.

In contrast, the OUDCPA defines a "debt collector" as "a person that by direct or indirect action, conduct or practice collects or attempts to collect a debt owed, or alleged to be owed, to a creditor or debt buyer." O.R.S. 646.639(1)(h). Unlike the FDCPA, the OUDCPA contains no limited-purpose definition or other language to indicate that entities pursuing nonjudicial foreclosures are excluded from coverage. As the Supreme Court held, "if the FDCPA contained *only* the primary definition, a business engaged in nonjudicial foreclosure proceedings would qualify as a debt collector for all purposes . . . . [F]oreclosure is a means of collecting a debt. And a business pursuing nonjudicial foreclosures would, under the capacious language of the [FDCPA]'s primary definition, be one that 'regularly collects or attempts to collect, directly or indirectly, debts.'" *Obduskey*, 586 U.S. at 474–75 (emphasis in original) (quoting 15. U.S.C. § 1692a(6)). Based on this precedent, this Court concludes that a business pursuing nonjudicial foreclosures is likewise a debt collector under the OUDCPA.[2]

Defendant's reliance on *Hulse v. Ocwen Federal Bank*, is also misplaced. The district court held, many years before *Obduskey*, that "foreclosing on a trust deed is not the collection of a debt" under the FDCPA or OUDCPA and is therefore not actionable under those statutes. 195 F. Supp. 2d at 1204, 1206. The court reasoned that "[a]s with the FDCPA, foreclosing on a trust

---

[2] This finding is consistent with the Ninth Circuit's holding that, under the FDCPA, "[a] judicial foreclosure proceeding is not a form of debt collection when the proceeding does not include a request for a deficiency judgment or some other effort to recover the remaining debt." *Barnes*, 963 F.3d at 1001. This Court finds that Defendant's request that this Court "extend" the *Barnes* holding on judicial foreclosures under the FDCPA to non-judicial foreclosures O.R.S. 646.639(2)(k) lacks merit. Reply, ECF 100 at 2.

PAGE 5 – OPINION AND ORDER ON MOTION TO DISMISS

deed is not the enforcement of an obligation [under the OUDCPA] because it is not an attempt to force the debtors to pay the money owed." *Id.* But as Plaintiffs point out, this reasoning is in tension with *Obduskey*. Response ("Resp."), ECF 97 at 4. *Obduskey* stated:

> It is true that, as [defendant] points out, nonjudicial foreclosure does not seek "a payment of money *from the debtor*" but rather from sale of the property itself. Brief for Respondent 17 (emphasis added). But nothing in the primary definition requires that payment on a debt come "from a debtor." The statute speaks simply of the "collection of any debts . . . owed or due." § 1692a(6). Moreover, the provision sweeps in both "direc[t]" and "indirec[t]" debt collection. *Ibid.* So, even if nonjudicial foreclosure were not a *direct* attempt to collect a debt, because it aims to collect on a consumer's obligation by way of enforcing a security interest, it would be an *indirect* attempt to collect a debt.

586 U.S. at 475 (emphasis in original). The OUDCPA similarly covers "direct" and "indirect" debt collection and does not require that payment on a debt come "from a debtor." O.R.S. 646.639(1)(h). Other courts have recognized this conflict between *Obduskey* and *Hulse*.[3] This Court declines to follow *Hulse* given its conflict with binding Supreme Court precedent.

To the extent that Defendant relies on O.R.S. 646.641, Mot., ECF 95 at 3 n.1, this statute is unavailing. This statute pertains to the damages and attorney's fees available under the OUDCPA and the statute of limitations. O.R.S. 646.641. It does not speak to nonjudicial foreclosures.

To the extent that Defendant intended to cite O.R.S. 646.643, this statute does not apply. This provision states: "A debt collector who is subject to and in compliance with the

---

[3] *Best v. Ocwen Loan Servicing, LLC*, 279 Cal. Rptr. 3d 69, 75 (2021) ("In 2019, in [*Obduskey*], the Supreme Court effectively overruled the cases cited above [including *Hulse*] holding that foreclosure is not debt collection . . . ."); *Benko v. Quality Loan Serv. Corp.*, 454 P.3d 1263, 1267 (2019) ("The Supreme Court's conclusion [in *Obduskey*] that a business enforcing a security interest through nonjudicial foreclosure is a debt collector runs counter to lower federal court caselaw that is cited by the parties and was relied on by the district court." (citing cases including *Hulse*, 195 F. Supp. 2d at 1204)).

requirements of the [FDCPA] shall also be considered to be in compliance with the requirements of [the OUDCPA]." O.R.S. 646.643 (repealed 2024) (citations omitted). As the Parties recognize, this statute was repealed effective April 4, 2024. Mot., ECF 95 at 3 n.1; Resp., ECF 97 at 6; 2024 Or. Laws Ch. 100, § 31. Under Oregon law, "[t]he effect of repealing a statute is to obliterate the statute repealed as completely as if it had never been passed" and "takes away all remedies given by the repealed statute." *Yeager v. Montgomery*, 331 Or. App. 263, 272 (2024) (internal quotation marks and citation omitted). In any event, Defendant has not demonstrated that nonjudicial foreclosure of a security interest is "in compliance" with the FDCPA such that it does not violate the FDCPA. Dismissal is not warranted on these grounds.

Defendant also argues, for the first time in its Reply, that Plaintiffs "fail[ed] to allege that CCM pursued foreclosure '*while* collecting or attempting to collect a debt.'" Reply, ECF 100 at 2 (emphasis in original) (quoting O.R.S. 646.639(2)). This issue is waived. *United States v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1020 (9th Cir. 1999). Regardless, as already discussed, nonjudicial foreclosure is itself an indirect or direct attempt to collect a debt. *Obduskey*, 586 U.S. at 475.

   2. **Mr. PoVey May Bring an OUDCPA Claim**

The SAC alleges that "Ms. PoVey's name alone is on the mortgage loan for the home." ECF 94 ¶ 6. Based on this allegation, Defendant argues that Plaintiff Bryan Jason PoVey may not bring an OUDCPA claim because he "is not a debtor under the loan contract." Mot., ECF 95 at 3. As authority, Defendant cites O.R.S. 646.641. *Id.* This provision states that "[a]ny person injured as a result of willful use or employment by another person of an unlawful collection practice may bring" an OUDCPA claim. O.R.S. 646.641(1). Plaintiffs have alleged that Mr. Povey was injured by Defendant's alleged unlawful collection practice. Specifically, Plaintiffs alleged that Mr. PoVey received emails from Defendant's general counsel to discuss the

PAGE 7 – OPINION AND ORDER ON MOTION TO DISMISS

threatened foreclosure and had a phone call with her, and that both Plaintiffs were served with a trustee's notice of sale indicating that Defendant was going to foreclose on their home. SAC, ECF 94 ¶¶40–41, 53. Construing these allegations in the light most favorable to Plaintiffs, Defendant knew that Mr. PoVey lived in the house and was attempting to remove Mr. PoVey from the property alongside his wife. Plaintiffs have sufficiently pleaded that Mr. PoVey was "injured" under the OUDCPA.

### 3. Alleged July 2022 Letter Threatening Foreclosure Is Beyond the OUDCPA Statute of Limitations

Plaintiffs appear to allege two bases for their OUDCPA claim. First, they allege that they received a letter from Defendant threatening foreclosure on July 14, 2022. Second, they allege that they received a foreclosure notice from Defendant on May 18, 2023. SAC, ECF 94 ¶¶ 31, 53. Defendant argues that, to the extent the July 2022 allegation forms the basis for the OUDCPA claim, this alleged act is beyond the one-year statute of limitations for OUDCPA claims under O.R.S. 646.641(3).[4] Mot., ECF 95 at 3. Plaintiffs do not respond to this argument, and any OUDCPA claim based on this threat of foreclosure is thus waived. *See Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived."). Accordingly, Defendant's Motion to Dismiss is granted with respect to reliance on the July 14, 2022 letter. However, as this Court previously found, this allegation may still provide context for the subsequent alleged

---

[4] As Defendant recognizes and this Court previously noted, the statute of limitations under the amended version of the statute is three years. Mot., ECF 95 at 3 n.3; Opinion & Order, ECF 92 at 8 n.1.

foreclosure notice on May 18, 2023 and may be admissible at trial. SAC, ECF 94 ¶ 53; Opinion & Order, ECF 92 at 8.[5]

## CONCLUSION

Defendant's Motion to Dismiss, ECF 95, is GRANTED in part and DENIED in part without leave to amend.

**IT IS SO ORDERED.**

DATED this 6th day of November, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[5] Plaintiffs have not requested leave to amend, and this Court finds that granting leave to amend would be futile. *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) ("Futility alone can justify a court's refusal to grant leave to amend."); *Ruiz v. Sw. Answering Serv., Inc.*, No. 23-CV-01769, 2024 WL 2107729, at *4 (C.D. Cal. Mar. 29, 2024) (dismissing claims that were barred by the statute of limitations without leave to amend because amendment would be futile).